COUNTY OF NIAGARA, Appellant, *v.* ROBERT BAGWELL et al., Respondents.

Fourth Department, April 1, 1971.

*Samuel F. Tavano, County Attorney (Miles A. Lance* of counsel), for appellant.

*Richard C. Doherty* and *Robert F. Hille* for respondents.

*Per Curiam.* Niagara County appropriated 51.137 acres of land, zoned residential and agricultural, comprising an L-shaped parcel having frontage on two highways. Approximately five acres consisted of nursery property, with a multi-purpose building thereon. The remainder was farmland on which was located a main residence together with two other frame residences, one of which was rented for $40 per month. The record before us is so deficient in the quality of proof required to sustain the total

award of $165,245.75 for this condemnation that the judgment must be set aside.

The Commissioners found that the highest and best use of all the property, exclusive of the nursery, was for potential residential development. Even if it were conceded that there is some support for such a finding as to the frontage property, there is no support for such a finding as to the inside acreage. Defendants' appraiser upon cross-examination stated that he appraised the property " not as a farm but as a subdivision ". He speculated that residential development of the land was not more than five years away. Even assuming that the entire parcel, exclusive of the nursery, had potential residential use, defendants' appraiser erroneously treated the land as if it had already been subdivided. Totally lacking was evidence as to any increment in value because of potential use as a subdivision site. Values for raw acreage and increment for residential development must be presented to support the valuation given by defendants' appraiser (*Clearwater* v. *State of New York,* 30 A D 2d 883, affd. 23 N Y 2d 1006; *Waldenmaier* v. *State of New York,* 33 A D 2d 75). There was no appraisal in accordance with the rule that the premises must be treated " not as raw acreage nor as part of a completed development but as a potential subdivision site giving the acreage an increment in value because of that potential use " (*Hewitt* v. *State of New York,* 18 A D 2d 1128). (See *County of Niagara* v. *Donohue,* 35 A D 2d 286.) Moreover, there was nothing in the record to substantiate a finding of residential development of the inside acreage (*Hazard Lewis Farms* v. *State of New York,* 1 A D 2d 923; *Messina* v. *State of New York,* 2 A D 2d 802). It was error, as a matter of law, for the Commissioners in evaluating the inside acreage to base the value on potential residential use. Furthermore, the testimony of the defendants' appraiser concerning comparable sales lacked probative value because of the failure to make the necessary adjustments between the comparables and the subject property (*Geffen Motors* v. *State of New York,* 33 A D 2d 980).

Turning to the nursery area, the Commissioners found the highest and best use of the land was its present use but they valued the land outside the range of the expert testimony. One example of this is found in the valuation of the so-called " large tree section ". The appraiser placed a value on 36 trees which were clearly not nursery plants. These trees were not cultivated like the nursery stock and could not be sold as trees. Similarly

included were fruit and shade trees which formed no part of the nursery stock. The proper measure of value for these trees, as well as those in the farm section, is the value of the land as enhanced by the trees (*Zaremba* v. *State of New York*, 29 A D 2d 723; 19 N. Y. Jur., Eminent Domain, § 155). Accordingly, the record lacks any support for the Commissioners' finding of $51,294.88 for this portion of the property. Although Commissioners are not bound by the opinions of the expert witnesses, and although the rule may not be invariable, the courts have generally not sustained awards, even by Commissioners, falling outside the range of the testimony (see *Matter of Huie* [*Fletcher — City of New York*], 2 N Y 2d 168; 5 Nichols, Eminent Domain [3d ed.], § 17.1, subd. [4]; 1 Orgel, Valuation Under Eminent Domain [2d ed.], § 130).

As for the valuation of the improvements, unfortunately the lack of evidence of the land valuation together with the failure to distinguish land from buildings leaves the Commissioners' valuation of $36,000 for the main residence and lot, and also $7,500 for the north residence and lot, without support in the record. The defendants should not have used the cost approach in valuing the main residence because it is not a specialty (*Guthmuller* v. *State of New York*, 23 A D 2d 597).

In passing, we would note that the award of an additional allowance pursuant to section 16 of the Condemnation Law is discretionary and if the record had been sufficient to have permitted an affirmance, we would have held that the discretion was properly exercised (see *Power Auth. of State of N. Y.* v. *Wustrack*, 10 N Y 2d 730; *City of Buffalo* v. *Clement Co.*, 34 A D 2d 24; *City of Little Falls* v. *Greene Real Estate Corp.*, 27 A D 2d 640; *Board of Educ. of City School Dist. of City of Elmira* v. *Daly*, 23 A D 2d 597).

The judgment and order should be reversed, the report of the Commissioners set aside, and a rehearing directed before new Commissioners to be appointed by Niagara County Court.

GOLDMAN, P. J., DEL VECCHIO, WITMER, MOULE and HENRY, JJ., concur.

Judgment and order unanimously reversed on the law and facts, without costs, report of Commissioners set aside, and rehearing directed before new Commissioners to be appointed by Niagara County Court.